**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000489
17-JUN-2025
09:23 AM
Dkt. 44 SO**

NO. CAAP-23-0000489


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


VIRGINIA CHIN, Petitioner-Appellee, v.
RICHARD CHIN, Respondent-Appellant


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CASE NO. 3FDA-23-0000469)


SUMMARY DISPOSITION ORDER
(Leonard, Acting Chief Judge, Nakasone and Guidry, JJ.)

Respondent-Appellant Richard Chin (**Richard**) appeals from the July 31, 2023 Order for Protection (**Order for Protection**) entered by the South Kohala Division of the Family Court of the Third Circuit (**Family Court**).[1]

Richard raises two points of error on appeal, contending that the Family Court erred when: (1) it continued the "show-cause hearing" beyond the 15-day deadline set forth in Hawaii Revised Statutes (**HRS**) § 586-5(b) (2018);[2] and (2) it concluded that Richard failed to show cause that an order of protection was unnecessary based on the facts adduced at the evidentiary hearing held on July 31, 2023.

---

[1]    The Honorable Jill M. Hasegawa presided.

[2]    The Honorable Joseph Florendo presided.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Richard's points of error as follows:

Richard's second point of error is dispositive. Richard argues that the Order for Protection must be reversed because there was insufficient evidence to support it. It is undisputed that the Order for Protection was based on alleged "domestic abuse," in particular, an allegation of "extreme psychological abuse" as defined in HRS § 586-1 (2018 & Supp. 2021), which provides, in relevant part:

> **§ 586-1  Definitions.**  As used in this chapter:
>
> . . . .
>
> "Domestic abuse" means:
>
> (1)    Physical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault, <u>extreme psychological abuse</u>, coercive control, or malicious property damage between family or household members; or
>
> . . . .
>
> "Extreme psychological abuse" means an intentional or knowing <u>course of conduct</u> directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual, and that serves no legitimate purpose; provided that such <u>course of conduct</u> would cause a reasonable person to suffer extreme emotional distress.

(Emphasis added).

At the conclusion of the evidentiary hearing, the Family Court ruled as follows:

> So in looking at whether or not domestic abuse occurs, as the Court explained at the start of this hearing, there are a number of different things. There's the coercive-control factor, but there's also the extreme psychological abuse.  There's actual physical harm, bodily injury, assault, or the threat of physical harm, injury, or assault.
>
> In hearing the testimony of the parties and reviewing the texts, as to the coercive control, I struggled on this

because I understand the parties are going through a very bitter divorce.

And yes, Mr. Chin, quote, texted things he shouldn't have. But Ms. Chin kind of gave as good as she got on some of those text messages in terms of the coercive control in terms of parties' behaviors. Neither party's behaviors was exemplary or -- and that behavior needs to stop.

And so I didn't really find that. <u>But what I did find concerning and more the psychological abuse or the threat was the text regarding the tour boat discovers woman floating in deep waters off Oahu.</u>

I understand, Mr. Chin, if I picked on that article, to her it might have said something completely different. But <u>looking at the action and what was in the text, it was disturbing.</u> And <u>in light of all of the other information regarding the parties, after reviewing the evidence, I am finding that there is a sufficient basis to grant an Order for Protection making a finding of abuse</u>.

And I'm gonna grant the Order for Protection for a period of one year.

(Emphasis added).

Richard argues, *inter alia*, that the Family Court did not find, nor did Petitioner-Appellee Virginia Chin (**Virginia**) offer any evidence that the text was "part of a course of conduct" that seriously alarmed or disturbed consistently or continually bothered Virginia.

In her Answering Brief, Virginia points to no other action evidenced in the record constituting an act of extreme psychological abuse and, upon review, we find none.[3] In fact, Virginia points to that single text as sufficient to meet the statutory requirement for establishing extreme psychological abuse by a preponderance of the evidence.

As set forth above, the statutory requirements for extreme psychological abuse involve a course of conduct. It is well recognized in Hawaiʻi law that a course of conduct involves a pattern or series of acts, *i.e.*, multiple acts, not a single

---

[3] Virginia makes no citations to the record whatsoever.

act.  See, e.g. HRS § 604-10.5(a) (2016) ("'Course of conduct' means a pattern of conduct composed of a series of acts over any period of time evidencing a continuity of purpose."); Daoang v. Perry, 155 Hawaiʻi 157, 165, 557 P.3d 886, 894 (2024) (citing Duarte v. Young, 134 Hawaiʻi 459, 463, 342 P.3d 878, 882 (App. 2014) ("a single act does not constitute a 'course of conduct'")).  Accordingly, Richard's single text does not constitute a course of conduct under HRS § 586-1 and the District Court clearly erred in entering the Order for Protection based on that single act, notwithstanding the acrimony between the parties who were in the midst of their bitterly contentious divorce.

For these reasons, the Family Court's Order for Protection is reversed.[4]

DATED:  Honolulu, Hawaiʻi, June 17, 2025.

On the briefs:

Daniel S. Peters,
for Respondent-Appellant.

E.F. Cash-Dudley,
for Petitioner-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

---

[4]     Accordingly, we need not address Richard's first point of error.

4